UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Derek Mortland**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-675 |
| v. | ) | |
| | ) | Judge |
| **VIKASH CORP.**, an Ohio corporation for profit | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendant for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188 *et seq.*, against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

1

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.    Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*.  The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.    Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland"), is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

**5.**    Defendant **Vikash Corp.** owns the property located at 1426 S Reynolds Rd, Maumee, OH 43537 in Lucas County, Ohio, which is a hotel known as "Comfort Inn Maumee-Perrysburg."  Plaintiff has patronized Defendant's property and the facilities thereon as an overnight guest previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6.    Upon information and belief, the hotel owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's hotel is a place of public accommodation.  Defendant's property fails to comply with the ADA and its

regulations, as also described further herein.

7.   Mr. Mortland is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8.   Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients in Northwest Ohio. He travels to Toledo and Maumee many times annually for business.

9.   On February 10, 2019, Plaintiff patronized the Defendant's hotel as an overnight guest, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10.  Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to

access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the hotel, encountered barriers to access at the hotel, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

12.     The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

4

13.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14.    A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property.  These violations include, but are not limited to:

Accessible Routes

A.  There is an interior ramp in the hotel without handrails on both sides, in violation of the ADA whose remedy is readily achievable.

B.  There are interior steps without handrails on both sides, in violation of the ADA whose remedy is readily achievable.

C.  There are carpets or mats inside the hotel that are not permanently affixed, in violation of the ADA whose remedy is readily achievable.

D.  There is no accessible route from designated accessible parking to points of entry, in violation of the ADA whose remedy if readily achievable.

E.  The ground surface immediately in front of the lobby entrance door has an excess slope or cross slope, in violation of the ADA whose remedy if readily achievable.

F.  There are ramps and sidewalks with dangerous changes in level, in violation of the ADA whose remedy is readily achievable.

Parking and passenger Loading Zones

G.  The passenger loading zone has a severely non-compliant width and is not marked with a required access aisle, in violation of the ADA whose remedy is readily achievable.

H.  There is no accessible route from the covered passenger loading zone to the lobby entrance due to a curbed sidewalk, in violation of the ADA whose remedy is readily achievable.

I.   There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

J.   The existing designated accessible parking lacks required signage, in violation of the ADA whose remedy is readily achievable.

K.   There are a legally insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

L.   The existing designated accessible parking access aisles do not lead to an accessible route, in violation of the DA whose remedy is readily achievable.

Designated Accessible Guestroom #103

M.   The designated accessible guestroom does not have required signage identifying it as a guestroom equipped with mobility features, in violation of the ADA whose remedy is readily achievable.

N.   The curtain adjuster requires tight grasping or twisting to operate and is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

O.   The guestroom lacks required maneuvering clearance to access some amenities, including light fixtures, in violation of the ADA whose remedy is readily achievable.

P.   The guestroom lacks required maneuvering clearance around the bed, in violation of the ADA whose remedy is readily achievable.

Q.   There is not the required latch-side maneuvering clearance to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

R.   The lock on the guestroom door is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

S.   The grab bars around the water closet are non-compliant, there is no side grab bar and rear grab bar is length is incorrect and ismounted outside required location, in violation of the ADA whose remedy is readily achievable.

T.   The flush control is not located on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

U.   The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

V.   The faucet controls are not located between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily

achievable.

W.  There is no handheld shower sprayer mounted at the required height range and equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

X.  The placement and heights of the bathtub grab bars is non-compliant, in violation of the ADA whose remedy is readily achievable.

Y.  There are bathroom and guestroom amenities, including coat rack, iron, towel rack, towel hook, coffee maker, and hair dryer, located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

Z.  The lavatory does not have compliant knee clearance, in violation of the ADA whose remedy is readily achievable.

AA.  The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

BB.  The bathroom mirror is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

CC.  The bathroom door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

DD.  There is not sufficient maneuvering clearance to access all room amenities, in violation of the ADA whose remedy is readily achievable.

Accessible Guestrooms and Accommodations

EE. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers king, double bed rooms, and family rooms. This is in violation of the ADA and its remedy is readily achievable.

FF. Upon information and belief, the hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 77 guestrooms as Comfort Inn Maumee-Perrysburg, there must be a minimum of four mobility accessible guestrooms without a roll-in shower and a minimum of one mobility accessible guestroom with a roll-in shower, totaling five guestrooms.

Access to Goods and Services

GG.  There is not at least 5% of seating and standing dining surfaces that are accessible in the breakfast area, in violation of the ADA whose remedy is readily achievable.

HH.       There are amenities in the breakfast area located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

II.   There are doors in the hotel that require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

JJ.   The registration counter has no lowered portion for use by guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

KK.       The phone near the swimming pool is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms:

LL. The men's and women's restrooms have non-compliant signage that lacks the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

MM.       There are exposed pipes at the lavatories in the men's restroom that are not insulated to protect for scalding or contact, in violation of the ADA whose remedy is readily achievable.

NN.       The mirror in the men's restroom is mounted above the required height, in violation of the ADA whose remedy is readily achievable.

OO.       The designated accessible toilet compartment in the men's restroom lacks grab bars, in violation of the ADA whose remedy is readily achievable.

PP. The seat on the water closet in the men's restroom is below the required height above the floor, in violation of the ADA whose remedy is readily achievable.

QQ.       The toilet compartment door in the men's restroom is not self-closing and does not have door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

RR.       The men's restroom toilet compartment does not have the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

SS. The men's restroom toilet compartment door swings into the required clear floor space, in violation of the ADA whose remedy is readily achievable.

TT. The flush control on the water closet in the men's restroom is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

UU. The toilet paper dispenser in the men's restroom toilet compartment is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

VV. There are amenities in the men's restroom, including a paper towel dispenser, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

WW. The urinal in the men's restroom is mounted above allowable height, in violation of the ADA whose remedy is readily achievable.

XX. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

YY. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an

inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

16.     Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17.     The hotel at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

19.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendant's acts are willful, severe and ongoing. There has been little to no perceptible effort to comply with the ongoing requirements of readily achievable barrier removal.

24. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the

reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com